UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BISCHOFF,

      Plaintiff,                              Case No. 14-cv-10022

v.                                      HONORABLE STEPHEN J. MURPHY, III

TONY GALLO, et al.,

      Defendants.

_____/

## ORDER OVERRULING BISCHOFF'S OBJECTION (document no. 25), ADOPTING REPORT AND RECOMMENDATION (document no. 24), DENYING BISCHOFF'S MOTION FOR SUMMARY JUDGMENT (document no. 15), GRANTING LEDUC'S MOTION TO DISMISS (document no. 2), GRANTING GALLO'S MOTION FOR SUMMARY JUDGMENT (document no. 7), AND DISMISSING CASE

Plaintiff Michael Bischoff, proceeding pro se, brings this action against defendants Tony Gallo, Peter Lucido, Vincenzo Manzella, Gallo Retail Group, LLC (collectively "Gallo Defendants"); Judge Denis LeDuc; and "John Doe Macomb County Sheriffs" and "10 John or Jane Does." The Court referred the matter to a U.S. Magistrate Judge. On May 20, 2014, the magistrate judge filed a Report and Recommendation that suggested granting LeDuc's motion to dismiss and the Gallo Defendants' motion for summary judgment, denying Bischoff's motion for summary judgment, and sua sponte dismissing the rest of the case.

Civil Rule 72 does not require the Court to hold a hearing when reviewing a magistrate judge's findings. Fed. R. Civ. P. 72; *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 does not require a hearing for de novo review of a magistrate's findings); *see also Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2012 WL 1622897 (E.D. Mich. May 9, 2012). After examining the record and considering Bischoff's objection de novo, the Court concludes that the objection has no

merit. Accordingly, the Court will overrule the objection, adopt the Report, grant the motions to dismiss and for summary judgment, and dismiss the case.

## BACKGROUND

Bischoff's complaint challenges the judicial actions revolving around the Gallo Defendants' eviction of Bischoff from a commercial property. Bischoff's company, Group MRJ, Inc., leased a commercial space for use as a carry-out pizza business from the Gallo Defendants. Among other things, the lease provided that the Gallo Defendants had the right to liquidate the restaurant's collateral, such as inventory and fixtures, without bringing suit upon default. At some point, Bischoff was locked out of his space, and the eviction and liquidation proceedings were instituted before defendant Judge Denis LeDuc in state district court. During the pendency of the hearing, LeDuc issued several adverse orders against Bischoff and in favor of the Gallo Defendants, including awarding the Gallo Defendants the premises and rights to the restaurant's collateral, and sanctioning Bischoff for violating a temporary restraining order. Bischoff filed for bankruptcy in the midst of the state court action, but the bankruptcy court lifted the automatic stay, allowing the state court proceedings to continue. Report at 3-6. Bischoff sued for these actions under several theories, the core of which is a conspiracy by all the relevant parties to deny him an eviction without judicial oversight, what he terms an "access to the Courts" claim.

The Report first addressed defendant Denis LeDuc's motion to dismiss. LeDuc is a judge for Michigan's 42nd District Court. After examining the complaint, the Report concluded that all of Bischoff's claims against LeDuc challenge various court orders LeDuc issued during the pendency of Bischoff's case. Because they were all actions LeDuc took in his capacity as a judge, he is immune from suits based on these judicial acts performed

under proper jurisdiction. Report at 10 (citing *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997)).  Accordingly, the Report suggested granting the motion and dismissing him from the case.

The Report next addressed the motion to dismiss filed by the Gallo Defendants. The Report first noted that Bischoff's complaint against the Gallo Defendants is brought under 42 U.S.C. § 1983. Report at 13 (citing Compl., ECF No. 1). The Report correctly stated that § 1983 provides a cause of action only for those that (1) "suffered a deprivation of a right secured by the Constitution or laws of the United States, and (2) that deprivation was caused by a person acting under color of state law." *Id.* (citing *Savage v. City of Pontiac*, 743 F. Supp. 2d 678, 683 (E.D. Mich. 2010)). As the Gallo Defendants are all private citizens, and as Bischoff alleged no facts which would raise the inference that they were working in concert with the state or under state authority, the Report concluded Bischoff's § 1983 claim against them should be dismissed. *Id.* at 14 (citing *Hailey v. Metro*, No. 09-10750, 2009 WL 1393382, at *2 (E.D. Mich. May 18, 2009)).

The Report also concluded that Bischoff did not allege any facts to show how the Gallo Defendants violated the automatic stay of the bankruptcy court, and his conclusory allegation that the Gallo Defendants somehow conspired with Judge LeDuc was insufficient to state a claim. Report at 14 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Finally, the Report concluded that even if the state law claims were meritorious, the Court should decline to exercise supplemental jurisdiction over the counts because there are no longer any remaining federal claims. *Id.* at 15 (citing *Landefeld v. Mario Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993)).

Next, the Report recommended dismissing the claims against the "Macomb County

Sheriffs" and the "10 John or Jane Doe" defendants sua sponte. None of the defendants have been identified, and none have been served within the 120 day time limit of Civil Rule 4. Report at 16 n.8 (citing Fed. R. Civ. P. 4). Moreover, the Report concluded that Bischoff's allegations against them do not state a claim, as the complaint does not allege that they were involved in the alleged conspiracy or that their actions violated a right of his. Finally, the Report suggested denying Bischoff's motion for summary judgment as moot. *Id.* at 17.

## DISCUSSION

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Bischoff filed an objection to the Report, and emphasized the core of his case was "access to the courts," revolving around his allegation that the defendants engaged in a conspiracy to evict him without judicial action. Objection 2, ECF No. 25. But Bischoff's objection does not actually object to, or specifically challenge, any particular conclusion in the Report, other than its overall conclusion that the case should be dismissed. The Court is not obligated to review what a party does not object to with specificity. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (A "general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (citing *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir.1991)).  There is no clear objection to the Report for the Court to review de novo.

Because a district judge always retains jurisdiction over a motion after referring it to

a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "*de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"). Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, grant LeDuc's motion to dismiss, grant the Gallo defendants' motion for summary judgment, deny as moot Bischoff's motion for summary judgment, dismiss the remaining defendants from the case, and dismiss the case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 24) is **ADOPTED**. Bischoff's Objections (document no. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that LeDuc's motion to dismiss (docment no. 2) is **GRANTED**. The claims against Defendant LeDuc are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Gallo Defendants' motion for summary judgment (document no. 7) is **GRANTED**. The federal claims against the Gallo Defendants are **DISMISSED WITH PREJUDICE**. The state claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Bischoff's motion for summary judgment (document no. 15) is **DENIED**.

**IT IS FURTHER ORDERED** that the claims against "John Doe Macomb County

2:14-cv-10022-SJM-DRG   Doc # 27   Filed 07/10/14   Pg 6 of 6   Pg ID 376

Sheriffs" and "10 John or Jane Does" are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

      **SO ORDERED**.

                                            s/Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
                                            United States District Judge

Dated: July 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2014, by electronic and/or ordinary mail.

                                            s/Carol Cohron
                                          Case Manager